UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60815-CIV-COHN/SELTZER

GRACE & NAEEM UDDIN, INC.,

     Plaintiff,

v.

NORTH BROWARD HOSPITAL DISTRICT,

     Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 10].

The Court has considered the motion, Plaintiff's response [DE 14], Defendant's reply

[DE 22], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On November 10, 2011, Defendant North Broward Hospital District ("Defendant")

released a Formal Request for Quotation ("RFQ") for the construction of the Community

Health Services Homeless Grant Project ("Homeless Grant Project").  See DE 1-3 at 1;

DE 1 ¶ 6.  The RFQ contains an administrative remedy provision, which provides in

relevant part as follows:

> If a Contractor disputes any matter arising out of this RFQ or the RFQ
> process including the award of the Contract, Contractor shall send written
> notice of dispute to Broward Health Director of Corporate Resource &
> Materials Management . . . within 5 business days after the issue arises or
> the Contract is awarded.  Within 10 business days from the date of receipt
> of the Contractor's dispute, the Director of Corporate Resource &
> Materials Management will render a written decision on the dispute and
> forward the decision to the Contractor via the appropriate chain of
> command.  A Contractor may appeal this decision by giving written notice
> of appeal to the Senior Vice President/Chief Financial Officer of Broward

Health within 5 business days after receipt of the Director of Corporate Resource & Materials Management written decision . . . The Senior Vice President/Chief Financial Officer of Broward Health shall render a written decision within 5 business days after receipt of the notice of appeal.  This decision shall be a final order on the RFQ dispute.  Until a final order is entered under this administrative procedure, Contractor shall not be entitled to institute an action contesting this RFQ, the RFQ process, or the Contract award.

DE 1-3 at 36.

According to the Complaint, Plaintiff Grace and Naeem Uddin, Inc. ("Plaintiff") timely submitted its base bid on December 20, 2011, in the amount of $1,909,175.00. DE 1 ¶¶ 8, 10; DE 1-4 at 2.  Another construction firm, MBR Construction, Inc. ("MBR") submitted a base bid on the project for $1,951,903.00.  See DE 1 ¶ 11; DE 1-4 at 2. Moreover, Plaintiff asserts that its total bid was lower than MBR's by $1,241.00.  See id. ¶ 12; DE 1-4 at 2.  Plaintiff was determined to be the lowest bidder, while MBR was the second-lowest.  DE1 ¶¶ 10-11.  The Complaint states that, on February 6, 2012, Plaintiff received a letter from Defendant saying that Defendant's RFQ study committee had "recommended starting contract negotiations" with MBR regarding the project. DE 1 ¶ 24; DE 1-5 at 2.  Plaintiff claims that, on February 10, 2012, it submitted a Notice of Dispute to Defendant concerning Defendant's choosing MBR for the project. DE 1 ¶ 25; DE 1-6.  On February 14, 2012, Plaintiff received a letter from Defendant denying Plaintiff's claim, and stating that "Turner Construction and MBR Construction were determined to be the lowest responsive and responsible (or qualified) bidders." DE 1 ¶ 26; DE 1-7 at 1.  No further explanation was given as to the grounds for rejection of Plaintiff's bid.  On February 17, 2012, Plaintiff filed a Notice of Appeal of the February 14 decision.  DE 1 ¶ 28; DE 1-9.  One week later, on February 24, 2012,

Defendant denied the appeal, again without explanation.  DE 1 ¶ 29; DE 1-10 at 1.

On April 8, 2013, Plaintiff brought this action under 42 U.S.C. § 1983, alleging that Defendant deprived Plaintiff of its property interest in the award of the Homeless Grant Project contract without due process of law.  In the Complaint, Plaintiff argues that a provision of the Florida competitive bidding statute, Florida Statutes § 255.20(1)(d)(1), mandates that Defendant award the contract at issue to the lowest qualified and responsive bidder.  Plaintiff claims that it was the low bid, that it was qualified, and that it was responsive.  Therefore, Plaintiff contends, Defendant lacked discretionary authority to give the contract to MBR.  In the instant motion, Defendant moves to dismiss the Complaint on the grounds that Plaintiff has no protected property interest in the contract, and therefore Plaintiff has failed to state a claim under § 1983.  Plaintiff opposes the motion.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); and Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." Twombly, 550 U.S. at 555 (citations omitted). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Twombly, 550 U.S. at 570). At this stage in the litigation, the Court must

consider the factual allegations in the complaint as true, and accept all reasonable

inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir.

1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a

dispositive issue of law, no construction of the factual allegations will support the cause

of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171,

1174 (11th Cir. 1993).

Here, Plaintiff brings a claim under 42 U.S.C. § 1983 for deprivation of property

without due process. To state a claim for violation of due process, a party must allege

that it was "deprived of a constitutionally protected liberty or property interest. Absent

such a deprivation, there can be no denial of due process." Economic Dev. Corp. v.

Stierheim, 782 F.2d 952, 954-55 (11th Cir. 1986). To have a property interest in a

benefit, the party must have more than an abstract need for it or a unilateral expectation

of it. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). Rather, it must have a

"legitimate claim of entitlement" to the benefit. Id. For the purpose of a § 1983 claim,

the sufficiency of property interests are determined by reference to state law.

Mackenzie v. Rockledge, 920 F.2d 1554, 1559 (11th Cir. 1991); see also Logan v.

Zimmerman Brush Co., 455 U.S. 422, 430 (1982) ("The hallmark of property . . . is an

individual entitlement grounded in state law, which cannot be removed except 'for

cause.'"").  Florida law provides that a property interest may be created by a statute or ordinance that supports a claim of entitlement.  T & A Utils. v. City of Panama City, No. 5:96cv97/SMN, 1997 U.S. Dist. LEXIS 4121, at *6 (N.D. Fla. Jan. 22, 1997) (citing Key West Harbour v. City of Key West, 987 F.2d 723, 727 (11th Cir. 1993)).  A property interest may also be created by the policies of a governmental agency, if there is a "Florida state law authority that elevates that policy to the status of a regulation with the force of law."  Morley's Auto Body v. Hunter, 70 F.3d 1209, 1214 (11th Cir. 1995).  In considering whether a protectable interest has been created,

> the determinative issue is the level of discretion afforded to the governmental body by the statutes, ordinances, policies or rules.  The more discretionary authority afforded the governmental body by the statutes, etc., the less likely a constitutional protected property right exists.

American Recycling Co. v. Cnty. of Manatee, 963 F. Supp. 1572, 1583 (M.D. Fla. 1997) (citing Circa Ltd. v. City of Miami, 79 F.3d 1057 (11th Cir. 1996); Key West, 987 F.2d 723; Pataula Elec. Membership Corp. v. Whitworth, 951 F.2d 1238 (11th Cir. 1992)).  Thus, "no property interest inures if the decisionmaker is not constrained by objective considerations."  T & A Utils., 1997 U.S. Dist. LEXIS 4121, at * 9 (citing Circa, 79 F.3d at 1061-62).  In the context of bidding contracts, courts have generally found that a bidder has a property interest in a contract "only if the bidding procedures are sufficiently explicit and the decisionmaker's discretion is sufficiently limited to entitle the bidder to receive the contract if it satisfies a certain set of conditions."  City-Wide Asphalt Paving v. Alamance Cnty., No. 2:96CV66, 1996 U.S. Dist. LEXIS 14428, at *7 (M.D.N.C. Aug. 12, 1996) (citing, e.g., Pataula, 951 F.2d at 1242-43; Buckley Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth., 933 F.2d 853, 858 (10th Cir. 1991)).

### III. ANALYSIS

In the instant motion, Defendant contends that Plaintiff fails to state a claim because Plaintiff cannot establish that it had a property interest in the Homeless Grant Project contract. Defendant argues that the language of Florida Statutes, § 255.20(1)(d)(1), and the terms of the RFQ left Defendant with complete discretion in awarding the contract. Plaintiff responds that Defendant's discretion was restricted both by § 255.20(1)(d)(1) and the Florida common-law prohibition against awarding contracts arbitrarily and capriciously.

### A. Existence of a Property Interest

First, the parties dispute the amount of discretion afforded Defendant under § 255.20(1)(d)(1), which provides as follows:

(d) If the project:

> 1. Is to be awarded based on price, the contract must be awarded to the lowest qualified and responsive bidder in accordance with the applicable county or municipal ordinance or district resolution and in accordance with the applicable contract documents. The county, municipality, or special district may reserve the right to reject all bids and to rebid the project, or elect not to proceed with the project. This subsection is not intended to restrict the rights of any local government to reject the low bid of a nonqualified or nonresponsive bidder and to award the contract to any other qualified and responsive bidder in accordance with the standards and procedures of any applicable county or municipal ordinance or any resolution of a special district.

Fla. Stat. § 255.20(1)(d)(1). In the instant motion, Defendant notes that this provision allows it to "reject the low bid of a nonqualified or nonresponsive bidder and to award the contract to any other qualified and responsive bidder in accordance with"

6

Defendant's standards and procedures.  Defendant then asserts that the standards contained in the RFQ reserved to Defendant complete discretion in awarding the contract.  Indeed, in the RFQ, Defendant purports to "[reserve] the right to accept or reject [any or all bids], in whole or in part, for any reason whatsoever," and to "award the contract . . . as it deems to be in the best interest of Broward Health."  DE 1-3 at 35.  The RFQ further provides that Defendant "may . . . reject all RFQ Responses for reasons sufficient to [Defendant]."  Id. at 12.  Plaintiff responds that, while § 255.20(1)(d)(1) gives Defendant discretion, it may not exercise that discretion arbitrarily or capriciously.

Generally, a governmental body's having discretion in awarding a construction contract will be incongruous with the existence of an entitlement.  See T & A Utilities. 1997 U.S. Dist. LEXIS 4121, at *10-11.  However, even if the body retains discretion, a disappointed bidder may nonetheless assert a violation of due process if the government acts outside of its discretion.  See Pataula, 951 F.2d at 1243-1244.  In Pataula, the plaintiff brought a § 1983 action against Georgia authorities for not awarding it an electrical utility contract.  951 F.2d at 1240.  The applicable Georgia statute required that the contract be awarded to the "lowest responsible bidder."  Id. at 1242.  The Georgia Vendor Manual defined "lowest responsible bidder" as "that bidder who submits a responsive bid which meets the specifications set out in the Invitation to Bid and which is most advantageous to the State, taking into account price, performance" and several other factors.  Id.  The defendants contended that the plaintiff did not have a property interest in the contract because the statute gave the purchasing agent the authority to reject "any and all bids."  Id. at 1243.  While the court admitted

7

that the defendants retained discretion, the court found that a property interest existed because "the decisionmaker *must* declare a bidder to be the 'lowest responsible bidder' after determining that the bidder, in the decisionmaker's judgment, meets the necessary prerequisites." Id. at 1242-43 (emphasis added).  The court explained that the statute allowed the defendants to exercise discretion, but "did not empower [them] to act in an arbitrary manner." Id. (citing Konigsberg v. State Bar, 353 U.S. 252, 273 (1957)).  Thus, the court concluded that "[the] plaintiffs state a cognizable claim by alleging that defendants abused their discretion by arbitrarily ignoring competitive bidding requirements." Id. at 1243-44.

In the case at bar, the statute does not directly define the terms 'responsive' or 'qualified.'  However, "the definitions of 'responsible lessor' and 'responsive lessor' in the same chapter may be analogized to provide a suitable definition of the term[s]." Am. Eng'g & Dev. Corp. v. Town of Highland Beach, 20 So. 3d 1000, 1000 (Fla. 4th DCA 2009).  Thus, "[a] responsible, or qualified, bidder is one 'who has the capability in all respects to fully perform the contract requirements and the integrity and reliability that will assure good faith performance." Id.  This definition leaves public authorities with a measure of discretion in passing on the capability, integrity, and reliability of bidders.  See Eng'g Contrs. Ass'n of S. Fla, Inc. v. Broward Cnty., 789 So. 2d 445, 451 (Fla. 4th DCA 2001) (finding statutes requiring projects be awarded to the  "the lowest competent bid" or  "the lowest responsible bid" invests public authorities with discretionary power to judge the quality of the bidders).  However, this discretion is not unlimited: The public body must still engage in "an honest exercise of this discretion," by making a reasonable determination of which bidders are responsive and qualified.

See id. at 50 (quoting Liberty Cnty. v. Baxter's Asphalt & Concrete, Inc., 421 So. 2d 505, 507 (Fla. 1982)); see also City of Sweetwater v. Solo Constr. Corp., 823 So. 2d 798, 802 (Fla. 3d DCA 2002) ("While a public authority has wide discretion in [the] award of contracts for public works on competitive bids, such discretion must be exercised based upon clearly defined criteria, and may not be exercised arbitrarily or capriciously."). Therefore, while a body is free to create standards or procedures to judge bidders' capability and reliability, it "cannot be allowed to write out [the] competitive requirement [of § 255.20] by affording itself overly broad discretion to capriciously and arbitrarily award contracts without established criteria." Emerald Corr. Mgmt. v. Bay Cnty. Bd. Of Cnty. Comm'rs, 955 So. 2d 647, 653 (Fla. 1st DCA 2007).

In Emerald, the plaintiff alleged that the defendant had abused its discretion under § 255.20 by improperly manipulating the request for proposal process, and awarding the contract on the basis of favoritism. The defendant's request for proposals stated that "[the defendant] reserves the right to accept or reject in part or in whole any or all proposals submitted," and that it "reserves the right to award the proposal to the respondent submitting the best overall responsive proposal . . . which is most advantageous and in the best interest of [the defendant]." 955 So. 2d at 649-650. The defendant sought dismissal of the favoritism claim on the basis that the defendant retained significant discretion in accepting proposals. See id. at 654. The court rejected this argument, finding that the defendant could not use procedures that "violate the statutory protection afforded the competitive award process." Id.

Defendant in the present matter, like the defendants in Pataula and Emerald, asserts that it reserved complete discretion in the award of the contract. This argument

is unavailing.  While Defendant retained substantial discretion, it did not have the authority to act arbitrarily or capriciously, or contrary to the requirements of the statute. And, as the Eleventh Circuit explained in Pataula, a party may state a § 1983 claim by alleging that Defendant abused its discretion by arbitrarily awarding a contract.  Here, the Complaint alleges that Plaintiff was determined to be the low bidder for the Homeless Grant Project.  Plaintiff further claims that it was qualified and responsive, and is thus entitled to the bid.  See DE's 1-6, 1-9.  Moreover, Plaintiff alleges that Defendant's actions were not an honest exercise of its discretion.  In denying Plaintiff's Notice of Dispute, as well as the appeal, Defendant stated only that "Turner Construction and MBR construction were determined to be the lowest responsive and responsible (or qualified) bidders."  DE 1-7 at 1; DE 1-10 at 1.  Defendant offers no further explanation, and declines to respond to Plaintiff's substantive arguments as to its qualifications and responsiveness.  See id.  While Defendant may consider a variety of factors in determining whether Plaintiff is responsive or qualified, Plaintiff alleges that Defendant has not considered any such factors in this case.  Accordingly, the Court concludes that Plaintiff has validly stated a claim for relief under 42 U.S.C. § 1983, and the motion will be denied.

## B. Defendant's Counterarguments

Defendant relies principally on two cases in asserting that Plaintiff does not have a property interest in the contract.  First, Defendant cites to the Northern District of Florida opinion in T & A Utilities.  In that case, the defendant City of Panama City refused to open the plaintiff's bid, stating that it did not have "confidence in the bids submitted by [the plaintiff]."  1997 U.S. Dist. LEXIS 4121 at *2.  The lack of confidence

allegedly arose after disputes between the parties on two previous projects, each of which resulted in litigation.  Id. at *2 n.1.  The plaintiff brought suit under § 1983, asserting a property interest in bidding on the project at issue based on § 255.20.  The defendant responded that the statute gave it substantial discretion to reject any or all bids, and therefore no property interest was created.  The defendant further pointed to a city ordinance which stated that the defendant "reserves the right to reject any one or all bids, or any part of any bid . . . and to award a contract deemed to be in the best interest of the City."  Id. at *11.  The court agreed, finding that neither the statute nor the ordinance "set forth procedural standards or prerequisites for the competitive bidding process," and therefore the plaintiff could not establish a protected property right.  Id.

The Court finds T & A Utilities to be unpersuasive for two reasons.  First, the court in that case failed to discuss the holding in Pataula, or the Florida common-law requirement that public authorities engage in an honest exercise of the discretion afforded them under the competitive bidding statutes.  Second, there is an indication that the defendant in T & A Utilities had articulated grounds for believing that the plaintiff was an unqualified bidder — the plaintiff had allegedly mishandled projects on prior occasions.  In the instant case, there is no evidence or allegation that Defendant actually considered whether Plaintiff was responsive or qualified.  To the contrary, Plaintiff claims that Defendant failed to meaningfully exercise its discretion under the statute, and instead arbitrarily awarded the contract to MBR.

Defendant also relies on Circa, in which the Eleventh Circuit determined that the Community Development Act ("CRA"), Florida Statutes § 163.330-163.450, together with a Miami city ordinance, did not create a property interest for a disappointed

11

redeveloper.  79 F.3d at 1060-62.  In <u>Circa</u>, Miami solicited plans under the CRA for redevelopment of certain neighborhoods.  <u>Id.</u> at 1059.  The plaintiff's plan was approved, and the parties entered contract negotiations.  Ultimately, the negotiations fell apart and the city revoked its acceptance of the plan.  <u>Id.</u>  The plaintiff brought a § 1983 action, alleging that a property right inured once the city approved the plan.  The court rejected this argument, finding that, while the CRA and the ordinance placed limitations on the solicitation and review of proposals, they did not restrict the City Commission's discretion in ultimately executing a contract.  <u>Id.</u> at 1061-62.

The instant case involves a different statute.  In contracts governed by § 255.20(1)(d)(1), a public authority may either "reject all bids and . . . rebid the project, elect not to proceed with the project," or award the contract to the lowest qualified and responsive bidder.  There are no other options, if the low bidder is qualified and responsive.  While Defendant has discretion in assessing the qualifications of a bidder, it must honestly exercise that discretion.  Plaintiff adequately alleges that Defendant has failed to do so.  Accordingly, the motion will be denied.

### IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 10] is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that Defendant shall file its Answer and Affirmative Defenses by no later than **July 8, 2013**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 1st day of July, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.

13