UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60815-CIV-COHN/SELTZER

GRACE & NAEEM UDDIN, INC., a Florida
corporation,

    Plaintiff,

v.

NORTH BROWARD HOSPITAL DISTRICT,
an agency of the State of Florida,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment [DE 34] ("Motion").  The Court has considered the Motion, Plaintiff's Opposition [DE 38], and Defendant's Reply [DE 41], and is otherwise advised in the premises.

**I.  BACKGROUND**

On November 10, 2011, Defendant North Broward Hospital District commenced a bidding process for a construction contract (the "Contract") on a "Community Health Services the Homeless Grant Project."  See DE 1-3 at 1; DE 1 ¶ 6.  Plaintiff Grace & Naeem Uddin, Inc., alleges that it timely submitted a bid for the Contract in the amount of $1,909,175.  DE 1 ¶¶ 8, 10.  Another construction firm, MBR Construction, Inc., ("MBR") submitted a bid for $1,951,903.  See DE 1 ¶ 11.  Plaintiff was the lowest bidder, while MBR was the second-lowest.  DE 1 ¶¶ 10–11.  On February 6, 2012, however, Defendant informed Plaintiff of an intention to award the Contract to MBR.  DE 1 ¶ 24.  Plaintiff protested Defendant's decision.  DE 1 ¶ 25.  Defendant rejected Plaintiff's

protest, and stated that MBR was "determined to be the lowest responsive and responsible (or qualified) bidder[]."  DE 1 ¶ 26; DE 1-7 at 1.

On April 8, 2013, Plaintiff filed this lawsuit asserting a single cause of action pursuant to 42 U.S.C. § 1983, alleging that Defendant deprived Plaintiff of a property interest in the Contract without due process of law.  In the Complaint, Plaintiff argues that Florida's competitive bidding statute, Florida Statutes section 255.20(1)(d)(1), mandated that Defendant award the Contract to the lowest qualified and responsive bidder.  Plaintiff claims that it was the low bidder, that it was qualified, and that it was responsive.  Therefore, Plaintiff contends, Defendant lacked authority to give the Contract to MBR.  In the instant Motion, Defendant seeks summary judgment, arguing that its discretion in determining whether Plaintiff was a responsive and qualified bidder prevents Plaintiff from asserting a property interest in the Contract.  Plaintiff opposes the Motion.

## II.  DISCUSSION

### A.  Legal Standard

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must point out to the Court that "there is an absence of evidence to support the nonmoving party's case."  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).  Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial."  Walker v. Darby, 911 F.2d 1573, 1576–77 (11th Cir. 1990).

Essentially, so long as the non-moving party has had the opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker, 911 F.2d at 1577.  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249–50 (citations omitted).

The Court's function at the summary-judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Id. at 249.  In making this determination, the Court must discern which issues are material: "Only disputes over facts that might affect the outcome of the

suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.  In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

### B. Analysis

Defendant seeks summary judgment on Plaintiff's claim for deprivation of property, contending that Plaintiff did not have a property interest in the Contract of which it could be deprived.  Defendant argues that it properly exercised its broad discretion in determining that Plaintiff was not a qualified bidder for the Contract, thus Plaintiff could not acquire a legal entitlement to the Contract to support a property interest.  In opposition, Plaintiff argues that Defendant abused its discretion by determining not whether each bidder was qualified, but considering which bidder was "most" or "more" qualified.  Because Defendant has established that it acted within its discretion in determining Plaintiff to be an unqualified bidder, and thus not entitled to the Contract, the Court will grant summary judgment in Defendant's favor.

A party bringing suit upon an alleged deprivation of a property interest must have a "legitimate claim of entitlement" to the benefit in which it claims an interest. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).  This claim of entitlement is analyzed by reference to state law. Mackenzie v. City of Rockledge, 920 F.2d 1554, 1559 (11th Cir. 1991).  Florida law provides that a claim of legal entitlement may arise by operation of statute. Key W. Harbor Dev. Corp. v. City of Key West, 987 F.2d 723, 727 (11th Cir. 1993).  In the context of competitive bidding statutes, courts have generally found that a bidder has a property interest in a contract "only if the bidding procedures are

sufficiently explicit and the decisionmaker's discretion is sufficiently limited to entitle the bidder to receive the contract if it satisfies a certain set of conditions." City-Wide Asphalt Paving, Inc. v. Alamance Cnty., No. 96-66, 1996 U.S. Dist. LEXIS 14428, at *7 (M.D.N.C. Aug. 12, 1996) (citing, e.g., Pataula Elec. Membership Corp. v. Whitworth, 951 F.2d 1238, 1243–44 (11th Cir. 1992); Buckley Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth., 933 F.2d 853, 858 (10th Cir. 1991)).  "In Florida, a public body has wide discretion in soliciting and accepting bids for public improvements," and its conclusions will be upheld even where erroneous if based upon an "honest exercise of this discretion." Eng'g Contrs. Ass'n of S. Fla., Inc. v. Broward Cnty., 789 So. 2d 445, 450 (Fla. 4th DCA 2001) (internal quotation marks omitted).  This discretion extends to a local government's determination of who constitutes a qualified bidder under section 255.20.  T & A Utils. v. City of Panama City, No. 96-97, 1997 U.S. Dist. LEXIS 4121, at *10–11 (N.D. Fla. Jan. 22, 1997).  Nevertheless, even where the decision-maker is vested with substantial discretion, an abuse of that discretion can give rise to a section 1983 claim for deprivation of property.  Pataula Elec. Membership Corp., 951 F.2d at 1243–44.  A local government exceeds the bounds of its discretion only where it has acted with "dishonesty, illegality, fraud, oppression or misconduct." Sutron Corp. v. Lake Cnty. Water Auth., 870 So. 2d 930, 932 (Fla. 5th DCA 2004).  The viability of Plaintiff's claim for deprivation of property thus turns in large part upon whether Defendant acted with "dishonesty, illegality, fraud, oppression or misconduct" in determining Plaintiff to be an unqualified bidder.

 Defendant argues that it properly exercised its discretion to determine that Plaintiff was not a qualified bidder and rejected Plaintiff's bid on that basis.  DE 34

at 6–8.  Defendant provides ample evidentiary support for its contentions.  A former member of Defendant's Building Committee declared in a sworn statement that Plaintiff was found to be an unqualified bidder based upon its unreliability and poor past performance.  DE 36-3 ¶ 14.  Defendant has also supplied minutes of its Building Committee's meeting, indicating that the Committee determined Plaintiff to be an unqualified bidder upon review of Plaintiff's past performance.  DE 36-6 at 2.  These assessments were supported by substantial evidence obtained from individuals and organizations which had previously worked with Plaintiff, and from Defendant's own experience working with Plaintiff.  See, e.g., DE 35 ¶¶ 12–29.  Because reliability and past performance are appropriate factors to consider in deciding whether a bidder is qualified, Defendant has shown that it properly exercised its discretion in finding that Plaintiff was not a qualified bidder on that basis.  See Am. Eng'g & Dev. Corp. v. Town of Highland Beach, 20 So. 3d 1000, 1000–01 (Fla. 4th DCA 2009) (explaining that qualified bidder is one who has "integrity and reliability that will assure good faith performance" (internal quotation marks omitted)).[1]  Plaintiff therefore had no entitlement to the Contract that could support a property interest.  See Fla. Stat. § 255.20(1)(d)(1).

      Plaintiff argues that Defendant nevertheless abused its discretion in determining that Plaintiff was not a qualified bidder because individuals associated with Defendant's decision-making process considered the qualifications of MBR and Plaintiff relative to

---

[1] Plaintiff also takes issue with the fact that Defendant's Director of Design and Construction may have obtained information from MBR about Plaintiff's qualifications. DE 38 at 2–3, 13.  Surely a competitor's opinion regarding Plaintiff's qualifications would not be entitled to great probative value.  Nevertheless, the Court cannot say that this interaction—which may have occurred after the bidding process was completed (see DE 40-2 at 43:16–25)—renders Defendant's determination regarding Plaintiff's qualification, supported by ample other evidence, a product of "dishonesty, illegality, fraud, oppression or misconduct."  See Sutron Corp., 870 So. 2d at 932.

6

one another.  DE 38 at 4–14.  Plaintiff contends that Defendant was required under section 255.20 to examine on an individual basis whether each bidder was responsive or qualified, and that a comparison among bidders renders the entire process arbitrary and capricious.  Id. at 12–14.  The cases upon which Plaintiff relies to support its contention, however, are readily distinguishable: City of Sweetwater v. Solo Construction Corp., 823 So. 2d 798 (Fla. 3d DCA 2002), and Engineering Contractors Association of South Florida, Inc. v. Broward County, 789 So. 2d 445 (Fla. 4th DCA 2001), both involved situations in which a local government had found multiple contractors "qualified," but engaged in an unlawful process to select a contractor it preferred to other qualified contractors, instead of simply awarding the contract to the lowest qualified bidder.

In contrast, Defendant has provided evidence that it determined Plaintiff to be unqualified for the "Community Health Services the Homeless Grant Project." See DE 35 ¶¶ 12–29.  This situation is therefore more akin to the one faced by Florida's Fourth District Court of Appeal in American Engineering & Development Corp. v. Town of Highland Beach, 20 So. 3d 1000 (Fla. 4th DCA 2009).  In that case, a low bidder sought to prevent a township from contracting with the second-lowest bidder, citing Solo Construction Corp. for support.  Am. Eng'g & Dev. Corp., 20 So. 3d at 1000.  The Florida court rejected the plaintiff's contentions, noting that section 255.20(1)(d) does not "restrict the rights of any local government to reject the low bid of a nonqualified or nonresponsive bidder and to award the contract to any other qualified and responsive bidder."  Id. at 1001.  Because the plaintiff had been found unqualified, the award of the contract to the next-highest bidder did not violate the strictures of section 255.20.  Id.

7

Here, like the plaintiff in <u>American Engineering & Development Corp.</u>, Plaintiff was found to be an unqualified bidder.  DE 35 ¶¶ 12–29.  The award of the Contract to the next-highest bidder, who was found qualified, therefore is in accord with the requirements of section 255.20(1)(d)(1).  See <u>Am. Eng'g & Dev. Corp.</u>, 20 So. 3d at 1000–01.  Moreover, in any bidding process where certain bidders are found to be qualified and others to be unqualified, the qualified bidders are necessarily more qualified than the unqualified bidders.  An acknowledgment of these relative merits of the bidders by individuals associated with Defendant, however, does not rise to the level of the "dishonesty, illegality, fraud, oppression or misconduct" required to constitute an abuse of discretion.  See <u>Sutron Corp.</u>, 870 So. 2d at 932.  The Court therefore finds that Plaintiff has failed to rebut Defendant's showing that Defendant acted within its discretion in rejecting Plaintiff's bid.

The Court also rejects Plaintiff's attempt to convert the award of the Contract to MBR into something more sinister by reciting the details of the eventual execution of the Contract.  Plaintiff cobbles together innuendos arising from Defendant's negotiation and execution of the Contract with MBR to characterize the bidding and bid dispute process as a "phantom" process which "did not, in reality, exist," which was used "to deceive the lowest responsive and responsible bidder," and which "calculatedly strung [Plaintiff] along to create an act of futility."  DE 38 at 10–12.  These accusations, unsupported by evidence of any actual or apparent wrongdoing, add nothing to Plaintiff's cause of action for deprivation of property and do not counsel against a grant of summary judgment.

### III. CONCLUSION

In sum, Defendant had wide discretion under Florida Statutes section 255.20 to determine who was a qualified bidder for the Contract.  Plaintiff has not rebutted

Defendant's showing that it properly exercised this discretion when it determined that Plaintiff was unqualified. Plaintiff therefore was not entitled to the Contract, and cannot state a claim for relief under 42 U.S.C. § 1983 for deprivation of property without due process. It is accordingly

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 34] is **GRANTED**. The Court will enter a separate Final Judgment consistent with this ruling.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of November, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF